COVINGTON, Judge.
This is an appeal by plaintiff, Ramsey Construction Company, Inc., from a judgment awarding it the sum of $5,690.00 against defendant, Wayne P. Bunch, for site clearing work, and recognizing plaintiff’s lien on certain described property in East Baton Rouge Parish, Louisiana. The judgment denied plaintiff’s other claims in contract and quantum meruit. No judgment was granted against the other defendant, Quinn-L Baton Rouge Partnership. The appeal is limited to the question of whether the trial court properly held that plaintiff could not recover under the doctrine of “unjust enrichment,” the civil law action de in rem verso.
The landmark case of Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967), established five prerequisites to “unjust enrichment” recovery: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of “justification” or “cause” for the enrichment and impoverishment, and (5) the action will only be allowed when there is no other remedy at law, i. e., the action is subsidiary or corrective in nature.
As the trial court noted in rejecting “unjust enrichment” in the instant case:
“Arguably, Bunch was ‘enriched’ and plaintiff was ‘impoverished’ by their business dealings. Assuming, arguendo, that they were, the claim for unjust enrichment must fall, because there is a justification for the impoverishment — plaintiff stood to make a staggering sum as general contractor if Bunch could ‘swing the deal.’ The efforts which plaintiff expended, if they constituted an ‘enrichment’ to Bunch, did not result in a corresponding ‘impoverishment’ to plaintiff, no more than one could consider business advertising or unsuccessful bidding an ‘impoverishment’ of the advertiser or bidder. Plaintiff simply was incurring a cost of doing business, in hope of making a lot of money if the transaction came to fruition.”
We find no error in this conclusion. The trial court found “cause” or “justification,” thus the enrichment was not unjustified and the attempt to invoke the action de in rem verso must fail, because it is only the enrichment for which there is no justification in law or contract which allows equity a role in the adjudication. See Abbeville *200 Lumber Company v. Richard, 350 So.2d 1292 (La.App. 3 Cir. 1977); Tate, the Louisiana Action for Unjustified Enrichment, 50 Tul.L.Rev. 883 (1976).
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.